# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO SPECIALTIES GROUP, INC., <br><br>Plaintiff,<br><br>v.<br><br>BDA, INC., a Washington corporation, also known as BD&A, INC. and BENSUSSEN DEUTSCH & ASSOCIATES, INC.; BENSUSSEN DEUTSCH & ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>Defendant. | Case No.: 17cv740-MMA (KSC)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**<br><br>[Doc. No. 17] |

Plaintiff Pro Specialties Group, Inc. ("PSG") commenced this breach of contract action in state court on March 14, 2017 against Defendant Bensussen Deutsch & Associates, LLC ("BDA") based on BDA's alleged failure to pay for past purchases of athletic apparel and other merchandise. BDA removed the action to this Court, answered PSG's claims, and brought counterclaims against PSG alleging, *inter alia*, breach of contract. BDA now moves for partial summary judgment as to one particular outstanding invoice in the amount of $570,570.00, arguing that an agent of PSG agreed to an oral modification of the relevant purchase order waiving BDA's obligation to pay the balance. *See* Doc. No. 17. PSG filed an opposition to the motion, to which BDA replied. *See*

1

Doc. Nos. 22, 23.  The Court took the matter under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 28.  For the reasons set forth below, the Court **DENIES** BDA's motion without prejudice pursuant to Federal Rule of Civil Procedure 56(d).

## BACKGROUND[1]

This action arises out of a series of purchase agreements entered into over the course of four years by PSG and BDA, producers, sellers, and resellers of branded athletic apparel and related merchandise.  PSG claims that BDA has not made the required payments on those purchase agreements, bringing the amount in arrears to approximately $1.5 million dollars.  The most substantial outstanding invoice dates from July 2014, and claims BDA owes a payment of $570,570.00 on a purchase order placed in November 2012 for goods shipped in January 2013.  Warren Roark, the primary PSG agent on the BDA account, brokered the sale.

Roark had also overseen a January 2012 purchase agreement between the two companies for the manufacture of $718,641.63 worth of youth football jerseys for the National Football League.  A BDA employee bungled the order from the outset by providing incorrect sizing information, requiring PSG to purchase new raw materials.  BDA claims PSG manufactured the jerseys incorrectly, which PSG disputes.  In any event, Roark later met with BDA representatives.  Roark claims that during this meeting, acting on behalf of PSG, he agreed to forgive and waive the full balance of the January 2012 order in exchange for BDA's commitment to future purchases at higher prices.  Nevertheless, in October 2013 PSG issued an invoice to BDA for the January 2012 order.  BDA's accounting staff arranged for payment of the full amount owed.  BDA claims that this was a mistake, in light of Roark's representation that PSG would waive payment.

---

[1] These facts are taken from BDA's separate statement, PSG's separate statement and response, and BDA's reply, as well as pertinent declarations and exhibits.  Where a material fact is in dispute, it will be so noted.  Facts immaterial to the disposition of BDA's motion are not recited herein.

According to Roark and BDA's representatives, to make up for the mistaken payment, Roark and BDA agreed that BDA would not pay the $570,570.00 due for the November 2012 order. However, in July 2014, PSG issued an invoice for the full amount owed on the November 2012 order. To date, the invoice remains outstanding, and accounts for approximately one-third of the total amount PSG claims is owed by BDA.

## DISCUSSION

BDA moves for partial summary judgment on PSG's claims in so far as those claims arise out of the $570,570.00 invoice. BDA argues that PSG cannot prove BDA breached the November 2012 purchase agreement, based on Roark's representation that no payment was owed. PSG opposes the motion. PSG disputes BDA's assertions regarding the scope of Roark's authority to orally waive BDA's obligation to pay for the November 2012 purchase in full. PSG argues that this and other factual disputes preclude summary judgment. PSG contends that it has presented sufficient evidence to demonstrate a genuine dispute for trial, but notes that additional discovery will assist PSG in further refuting BDA's version of events.

### 1. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does not bear the burden of proof

at trial, he may discharge his burden of showing no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *Id.* at 324. The party opposing summary judgment cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.), cert. denied, 555 U.S. 827 (2008) (internal quotation marks omitted).

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

*2. Analysis*

After reviewing the admissible evidence presented by both parties, the Court concludes that summary judgment is not appropriate at this time as to BDA's liability for

the November 2012 order.[2] PSG commenced this action approximately five months ago. Since that time, the parties have litigated BDA's counterclaims, the instant motion for partial summary judgment, and participated in an Early Neutral Evaluation conference with the assigned magistrate judge. The parties have until August 31, 2017 to meet and confer pursuant to Rule 26(f), and will participate in a case management conference with the assigned magistrate judge at the end of September. The discovery period has not formally begun, and no scheduling order has been issued. PSG should not be expected, much less required, to defend against the current motion without the benefit of any discovery.

Rule 56(d) has been read as "requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson*, 477 U.S. at 250 n. 5). Here, BDA's motion hinges on the scope of Roark's authority to negotiate payment terms at odds with the documentation of the disputed sales. PSG should have the opportunity to investigate Roark's claimed authority through depositions and written interrogatories. BDA's representatives claim that no business records memorializing the alleged agreement between BDA and Roark exist, and BDA insinuates that the July 2014 invoice is false and inaccurate. In order to test the legitimacy of these claims, PSG must rely on the discovery process and request production of BDA's general ledgers and financial statements.

---

[2] Both parties raise numerous objections to evidence proffered by the opposing party. The Court will "not scrutinize each objection and give a full analysis of identical objections raised as to each fact." *Neumeyer, v. Wawanesa Gen. Ins. Co.*, No. 14cv181-MMA (RBB), 2015 U.S. Dist. LEXIS 59024, at *12-13 (S.D. Cal. Apr. 24, 2015) (citing *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (noting that on motions with voluminous objections "it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised."). However, the Court has taken the objections into consideration. To the extent the Court relies upon contested evidence to resolve the instant motion, the Court overrules the objection. In addition, the Court notes that it did not rely on Exhibit A to PSG's request for judicial notice and therefore denies the request as moot.

According to the declaration of PSG's counsel, PSG will attempt to depose BDA representatives, Warren Roark, and PSG employees who may have knowledge regarding the meetings and representations pertaining to the alleged oral waiver.  BDA complains that PSG's counsel's declaration fails to set forth "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  However, counsel's lack of specificity is understandable, given that PSG has not yet conducted any discovery in this case.  *See, e.g., Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000) ("The nonmoving party, of course, must have had sufficient time and opportunity for discovery before a moving party will be permitted to carry its initial burden of production by showing that the nonmoving party has insufficient evidence.").

In sum, the Court declines to award BDA summary judgment on a $570,570.00 claim based on the declaration of a former PSG employee who has not yet been deposed in this action, and a purported lack of contemporaneous billing records to refute his assertions.  PSG should have the opportunity to explore BDA's claims and defenses through the discovery process, after which BDA may renew its motion.

## CONCLUSION

Based on the foregoing, the Court **DENIES** BDA's motion for partial summary judgment without prejudice pursuant to Federal Rule of Civil Procedure 56(d).

**IT IS SO ORDERED**.

DATE: August 16, 2017

HON. MICHAEL M. ANELLO
United States District Judge